```
         UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA
                 AT CHARLESTON
```

ROGER STRICKLAND and ANGEL STRICKLAND and
NEWTECH SYSTEMS, INC., and RACHEL BLAKENSHIP and
MICHAEL BRYANT and CHRISTIAN BRYANT and
JOHN MICHAEL BRYANT and HELEN CHRIST and
TIANA ALLEN and CHRISTOPHER ALLEN and
JOCELYN ALLEN and GARIETH ALLEN and SABRA ALLEN,
Minors, By and Through Their Parents and Next
Friends, TIANA ALLEN and CHRISTOPHER ALLEN and
ANDREA LUPSON and JON LUPSON and
Individually, and on behalf of all others
similarly situated,

       Plaintiffs

v.                                 Civil Action No. 2:14-11009

FREEDOM INDUSTRIES, INC., and
WEST VIRGINIA DEPARTMENT
OF ENVIRONMENTAL PROTECTION and
AMERICAN WATER WORKS COMPANY, INC.,
d/b/a/ WEST VIRGINIA AMERICAN WATER COMPANY, and
EASTMAN CHEMICAL COMPANY and
CORPORATE JOHN DOES 1-6, and
INDIVIDUAL JOHN DOES 7-10,

       Defendants


<u>MEMORANDUM OPINION AND ORDER</u>

       Pending is the motion to dismiss filed April 24, 2014, by the West Virginia Department of Environmental Protection ("WVDEP").

       On February 24, 2014, this action was removed from the Circuit Court of Kanawha County.  Among the claims asserted by the plaintiffs is a negligence cause of action against the

WVDEP.  In seeking dismissal, the WVDEP asserts, *inter alia*, that it is immune from suit under the Eleventh Amendment to the United States Constitution.

The Eleventh Amendment states, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  The immunity protects unwilling states from damage suits in federal court, along with their agents and instrumentalities.  *See* *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Will v. Michigan Dep't of State Police*, 491 U.S. at 70-71; *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Bland v. Roberts*, 730 F.3d 368, 389-90 (4th Cir. 2013).

It is undisputed that the WVDEP is an instrumentality of the State of West Virginia.  It is thus entitled to dismissal from this action.  In accordance with governing precedent, however, the dismissal is without prejudice.  *See* *Southern Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for . . . any . . . defect in subject matter jurisdiction must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.").

It is, accordingly, ORDERED that the motion to dismiss be, and hereby is, granted, and that this action as to WVDEP be, and hereby is, dismissed without prejudice.[1]

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: May 19, 2014

John T. Copenhaver, Jr.
United States District Judge

---

[1] It is noted that the circumstances in this case are unlike those in <u>Lapides v. Board of Regents of University System of Georgia</u>, 535 U.S. 613, 624 (2002) ("We conclude that the State's action joining the removing of this case to federal court waived its Eleventh Amendment immunity . . . ."). WVDEP asserts it was not served with the notice of removal. It thus could not have joined therein.